# Supreme Court of Florida

_____

No. SC19-1625

_____

**IN RE:  AMENDMENTS TO CANONS 4 AND 5 OF THE FLORIDA CODE OF JUDICIAL CONDUCT.**

May 28, 2020

PER CURIAM.

Before the Court is the petition of the Florida Judicial Ethics Advisory Committee (JEAC) proposing amendments to Canons 4 and 5 of the Florida Code of Judicial Conduct (Code).  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

In 2018, the JEAC issued an advisory opinion with respect to the following question:

> May the Florida Conference of Circuit Judges and the Conference of County Court Judges of Florida (collectively "Conferences") or individual judges seek donations from the Conferences' members so that the Conferences can directly provide monetary assistance, to fellow judges, judicial assistants, and court staff impacted by Hurricane Michael?

Fla. JEAC Op. 2018-27 at 1.

The JEAC limited its analysis of the question to the activities of individual judges, i.e., judge-to-judge solicitation of funds, as it does not provide ethics

advice to the Conferences. *Id.* at 2. The JEAC determined that Canon 4 (A Judge Is Encouraged to Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice) was controlling, as the Conferences do not constitute civic or charitable organizations under Canon 5 (A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties). *Id.* at 2-5. But the JEAC split evenly on the ultimate question of whether the canon permitted the type of judge-to-judge fundraising activities at issue; six members believed that Canon 4D(2)(a) permitted such activities only if the funds are used for a law-related purpose, while the other six observed that no such limitation on the use of solicited funds is expressly contained in the canon and that a judge need only avoid the appearance of coercion. *Id.*

Believing the opinion addressed an important ethical issue that should be resolved, the Court asked the JEAC to further consider the type of fundraising activities at issue in its advisory opinion and provide a recommendation as to whether such activities should be allowed or prohibited. In response to the Court's request, the JEAC submitted a report, along with proposed amendments supported by a minority of the JEAC to Canons 4 and 5. The JEAC unanimously recommends in the report that the judge-to-judge solicitation described in advisory opinion 2018-27 be prohibited. The JEAC notes, however, that a judge may undertake comparable fundraising activities under Canon 5C(3)(b) on behalf of an

"educational, religious, charitable, fraternal, sororal or civic organization not conducted for profit," if he or she solicits monetary donations from only judges he or she does not exercise supervisory or appellate authority over. According to the JEAC, limiting the judge-to-judge fundraising described in advisory opinion 2018-27 to the circumstances set out in Canon 5C(3)(b) ensures that solicited funds are used for "well-defined purposes" and are accounted for and distributed appropriately.

A minority of the JEAC, five members, believe amendments to Canons 4 and 5 are needed to clarify when judge-to-judge solicitation is appropriate. Specifically, the JEAC minority propose amending Canon 4D(2)(a) to include the phrases "only on behalf of such an organization," and "to be used only for a law related purpose," to clarify that judge-to-judge solicitation may be performed on behalf of a law-related organization or entity only in situations where the solicited funds will be used for a law-related purpose. The JEAC minority also propose amending Canon 5C(3)(b)(i) to include the phrase "only on behalf of such an organization," to clarify that judge-to-judge solicitation may be performed only on behalf of the types of civic and charitable organizations identified in Canon 5C(3). A majority of the JEAC do not believe such amendments are needed and that Canons 4 and 5 already make clear when judge-to-judge solicitation is appropriate.

The Court treated the JEAC's report as a petition to amend the Code and published the minority's proposed amendments for comment. No comments were received.

Having considered the petition and proposed amendments, the Court has determined that the existing rule provisions prohibit the judge-to-judge solicitation addressed in advisory opinion 2018-27 and that the scope of those provisions is not ambiguous. The Conferences are not civic or charitable organizations. *See* Fla. R. Jud. Admin. 2.220(a)(2), (b)(2). Rather, as organizations tasked with judicial education, improving the administration of justice, and the overall betterment of the judicial system in Florida, they are law-related organizations under Canon 4D. *See id.* Although Canon 4D(2)(a) permits certain judge-to-judge fundraising on behalf of the Conferences, the use of such funds is necessarily limited to law-related purposes consistent with the Conferences' mission. *See* Fla. Code of Jud. Conduct, Canon 4D(2)(a). The desire to provide financial aid to fellow judges and court staff adversely affected by Hurricane Michael is laudable, but such assistance may only be provided through a civic or charitable organization in accordance with Canon 5C(3), not through the Conferences.

Since we agree with the JEAC majority that Canons 4 and 5 already make clear when judge-to-judge solicitation of funds is permitted, we decline to adopt

the amendments proposed by the JEAC minority to Canons 4D(2)(a) and

5C(3)(b)(i).

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Code of Judicial Conduct

Hon. W. Joel Boles, Chair, Pensacola, Florida, Hon. James A. Edwards, Past Chair, Daytona Beach, Florida, and Melissa E. Hamilton, Senior Attorney, Judicial Ethics Advisory Committee, Tallahassee, Florida,

for Petitioner